UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSALBA WADE,

    Plaintiff,

v.                                          Case No. 1:20-cv-213

                                                Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied her claim for supplement security income (SSI).

On December 1, 2016, plaintiff protectively filed an application for SSI alleging a disability onset date of May 2, 2016.  PageID.65.  Plaintiff identified her disabling conditions as headaches, depression, and a brain tumor.  PageID.226.  Prior to applying for SSI, plaintiff completed the 12th grade and had past relevant work as a packager.  PageID.72.  The administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on January 30, 2019.  PageID.65-74.  This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

### I.     LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923

(6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities."  Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.  Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled.  For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003).  However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile."  *Id.*  If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary.  *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases."  *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007).  "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date."  *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.     ALJ's DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since her application date of December 1, 2016. PageID.67. At the second step, the ALJ found that plaintiff had severe impairments of: obesity; obstructive sleep apnea; benign right parotid plexiform neurofibroma of the face and orbit with right trigeminal neuropathic pain; mild asthma; mild degenerative disc disease of the cervical and lumbar spine; and, status post cerebral aneurysm coiling. *Id*. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.68.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except can never climb ladders, ropes or scaffolds, kneel or crawl; can occasionally climb ramps and stairs, balance, stoop and crouch; must be able to alternate between sitting and standing as needed where she is able to sit for at least 30 minutes at a time, then can stand at the workstation briefly before sitting down again; can have no more than occasional exposure to temperature extremes, humidity, fumes, odors, dust, gases or areas of poor ventilation; can have no exposure to hazards, including unprotected heights and dangerous moving machinery; cannot operate motorized vehicles; limited to performing jobs that can be learned by short demonstration and that do not require more than rare (up to 5 percent of the workday) oral communication with coworkers and supervisors; can have only brief, superficial contact with coworkers and supervisors; can have no contact with the general public.

PageID.69. The ALJ also found that plaintiff is unable to perform her past relevant work. PageID.72.

In addition, the ALJ noted that "the claimant indicated that while she is able to speak and understand English, she cannot read and understand English and cannot write more than her name in English" and that "the claimant testified at the hearing with the aid of a Spanish

4

interpreter." PageID.73. Given this record, the ALJ found "that for the purposes of this decision, the claimant is illiterate." *Id*.

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled jobs at the sedentary exertional level in the national economy. PageID.73-74. Specifically, the ALJ found that plaintiff could perform the requirements of unskilled, sedentary work in the national economy such as loader/packer (39,000 jobs); assembler (68,000 jobs); and trimmer (34,100 jobs). PageID.74. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, since December 1, 2016 (the date the application was filed) through January 30, 2019 (the date of the decision). PageID.74.

### III. DISCUSSION

Plaintiff raises one issue on appeal:

**The ALJ's physical residual functional capacity (RFC) determination is not supported by substantial evidence as the ALJ failed to properly weigh the opinion of plaintiff's treating provider, PA Lindhout.**

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. §416.945. It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c). The ALJ determines the RFC "based on all the relevant medical and other evidence in [the claimant's] case record." 20 C.F.R. §416.920(e).

Here, plaintiff contends that PA Lindhout's opinion demonstrates that she is not capable of performing the exertional requirements for even sedentary work. Plaintiff's Brief (ECF No. 17, PageID.1674), citing PageID.332-334 (Physical Impairment Questionnaire, October 21,

2016, Exhibit 2F (ECF No. 14-7)).  Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence because he failed to properly weigh PA Lindhout's opinions.

Because plaintiff filed her claim before March 27, 2017, the "treating physician rule" applies to the ALJ's decision. *See* 20 C.F.R. § 416.927.  A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997).  Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record.  *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013); 20 C.F.R. § 404.1527(c)(2).  Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source.  *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

While the ALJ is required to give "good reasons" for the weight assigned a treating physician's opinion, *Wilson*, 378 F.3d at 545, this articulation requirement does not apply when an ALJ evaluates the report of a medical source who is not a treating, acceptable medical source, *Smith v. Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir. 2007).  For purposes of plaintiff's claim, PA Lindhout is not an acceptable medical source. *See* 20 C.F.R. § 416.902(a)(8) (licensed physician assistant is an "acceptable medical source" only with respect to claims filed on

6

or after March 27, 2017).  Unlike an acceptable medical source, the opinion of a physician assistant "is not entitled to any particular weight or deference—the ALJ has discretion to assign it any weight he feels appropriate based on the evidence of record."  *Noto v. Commissioner of Social Security*, 632 Fed. Appx. 243, 248-49 (6th Cir. 2015).  Nevertheless, "the ALJ's decision still must say enough to allow the appellate court to trace the path of his reasoning," *Stacey v. Commissioner of Social Security*, 451 Fed. Appx. 517, 519 (6th Cir. 2011) (internal quotation marks omitted).

Before addressing the opinion evidence, the ALJ summarized plaintiff's medical history (PageID.70-71) and made findings based on that summary:

> Per the evidence summarized in detail above, and in support of the residual functional capacity limitations above and the opinion weight assigned below, the undersigned finds that the claimant's statements concerning the intensity, persistence and limiting effects of her symptoms are not entirely consistent with the medical evidence and other evidence in the record. The claimant's obesity is documented throughout the record, but she has not received any specialized treatment for that condition. The claimant's asthma has been well controlled with medication and pulmonary/respiratory examinations have typically been normal outside of periods of acute respiratory illness (7F; 9F; 13F). Similarly, her obstructive sleep apnea symptoms have been described as mild and have been effectively addressed with CPAP treatment (3F; 5F; 8F; 9F; 13F; Hearing Testimony). The claimant reported a history of a brain aneurysm requiring a surgical coiling procedure and while radiology studies of the brain have shown a metallic coil in place, they have been otherwise unremarkable (1F/21; 9F/104; 10F/5, 39, 87, 137-138, 145, 159-160). The claimant's chronic pain complaints, including cervical, lumbar and trigeminal nerve pain, have been effectively managed with pain medication (7F; 9F-13F). Radiology studies of the spine have noted only mild degenerative disc disease (l0F/10-11; 147-148; 13F/587). Finally, the claimant's right-sided facial neurofibroma, including right-sided facial and trigeminal nerve pain, have been managed mostly with medication and nerve block injections, along with surgery in May 2018 (1F; 7F; 9F-13F). At the time of her May 2018 facial surgery, the claimant was found to have an anatomically and electrophysiologically intact facial nerve (l0F/56).

PageID.71.

The ALJ reviewed PA Kathleen Lindhout's opinions expressed in two documents. First, the ALJ gave little weight to PA Lindout's December 2016 opinion that "the claimant was

7

unable to work at that time and that the claimant's disability could extend for as much as six months (4F/1)." PageID.71-72. In reaching this determination, the ALJ stated that the disability determination is reserved strictly to the Commissioner of Social Security and that the restrictions "were meant to cover a period of up to 6 months and not a continuous 12-month period." PageID.72.

Second, the ALJ addressed PA Lindhout's October 2016 opinions:

> In October 2016, Ms. Lindhout opined that the claimant's various symptoms would constantly interfere with the attention and concentration required for even simple work-related tasks (2F/2). She further opined that the claimant can walk up to one block at a time (2F/2). Ms. Lindhout stated that the claimant can sit for up to 30 minutes and stand/walk for up to 15 minutes at a time (2F/2). She said that the claimant can sit for up to four hours per eight-hour workday, but cannot stand or walk for any amount of time in a workday (2F/2). She stated that the claimant must be allowed to shift positions at will and would require unscheduled 5 to 10 minute breaks every hour (2F/2). Ms. Lindhout further opined that the claimant can lift and carry up to 10 pounds, but can only reach with her arms for 20 percent of the workday (2F/3). She estimated that the claimant would likely be absent from work once or twice per month (2F/3). She also opined that the claimant is not physically capable of working eight hours per day, five days per week on a sustained basis (2F/3).

PageID.72.

The ALJ gave little weight to three aspects of the October 2016 opinions:

> These opinions are given little weight, firstly because they are not even internally consistent. For example, Ms. Lindhout opined that the claimant can walk up to 1 block and/or 15 minutes at a time, but then stated that she cannot stand or walk for any amount of time during a workday. In addition, Ms. Lindhout's opinions are given little weight because despite her treating relationship with the claimant, they are not consistent with the available medical evidence summarized above. Finally, to the extent that Ms. Lindhout again purports to find the claimant disabled, her opinion is given little weight because disability determination is reserved strictly to the Commissioner of Social Security (20 CFR 416.927(d)).

PageID.72.

The issue before the Court is whether it can trace the path of the ALJ's reasoning in giving little weight to PA Lindhout's opinions. The Commissioner must provide a statement of

8

evidence and reasons on which the decision is based. *See* 42 U.S.C. § 405(b)(1). While it is unnecessary for the ALJ to address every piece of medical evidence, *see Heston*, 245 F.3d at 534-35, an ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning," *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). Here, the Court can trace the ALJ's reasons for giving little weight to PA Lindhout's opinions with respect to the walking and standing limitations (*i.e.*, an internal inconsistency) and her conclusion that plaintiff is disabled (*i.e.*, a disability determination is reserved to the Commissioner). However, the Court cannot follow the ALJ's reasons for giving little weight to the rest of PA Lindhout's opinions as "not consistent with the available medical evidence summarized above."

In addition to the restrictions listed by the ALJ, PA Lindhout's October 2016 "physical impairment questionnaire" identified specific symptoms which could affect plaintiff's ability to work, including constant severe head/eye pain, constant fatigue, intermittent dizziness, and medication side effects of "fatigue, hypersomnia, dizziness, [and] nausea." PageID.332. In resolving plaintiff's claim, the ALJ had to summarize her massive medical record consisting of over 1,300 pages (PageID.286-1654). The Court appreciates the time and effort required to summarize such an extensive medical history. However, the ALJ did not provide any explanation as to how PA Lindhout's opinions were "not consistent" with that summary. While the ALJ does not need to give "good reasons" for the weight assigned to PA Lindhout's opinions, he needs to give some reason, so that this Court can perform a meaningful appellate review of the decision. "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." *Hurst v. Secretary of Health and Human Services*, 753 F.2d 517, 519 (6th Cir. 1985).

Here, the ALJ failed to articulate a basis for assigning little weight to the bulk of PA Lindhout's October 2016 opinions. Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should re-evaluate PA Lindhout's October 2016 opinions and, if appropriate, re-evaluate plaintiff's RFC.

### IV. CONCLUSION

For these reasons, the Commissioner's decision will be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to re-evaluate PA Lindhout's October 2016 opinions and, if appropriate, re-evaluate plaintiff's RFC. A judgment consistent with this opinion will be issued forthwith.

Dated:  July 26, 2021                     /s/ Ray Kent
                                          RAY KENT
                                          United States Magistrate Judge